UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARTHA LOUISE PIGGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1329 |
| | ) | |
| CARL SANDBURG COLLEGE, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

In late June 2005, the clerk entered a judgment in favor of the defendants, and the defendants have since filed a bill of costs to which Piggee has objected. Rule 54(d)(1) of the Federal Rules of Civil Procedure presumptively entitles the defendants as prevailing parties to their costs. Section 1920 of Title 28 of the U.S. Code sets forth the types of expenses that are recoverable as costs, and these include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." § 1920(2) & (4).

Piggee's first objection relates to depositions. Piggee took the deposition of Carl Sandburg College employees Ron Hunt and Doug Ray in September 2004 in support of her claim that a co-worker violated her rights by cleaning out her refrigerator. The

1

defendants now submit their bill from Circuit Wide Reporting for copies of the Hunt and Ray transcripts and ASCII disks. In the three sentences Piggee devotes to this objection, she points out that the defendants did not cite these depositions in support of their motion for summary judgment, and complains that the defendants have not explained why the depositions were necessary.

Piggee draws no distinction between the copies of the Hunt and Ray transcripts and the ASCII disks and neither will the Court. The fee of the stenographer for a copy of a deposition transcript is recoverable if it seemed reasonably necessary to order it at the time. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998). Piggee initiated these depositions, and, so long as she ordered transcripts, there was a threat that she might use them in her own motion for summary judgment or in response to the defendants' motion, which makes it reasonable for the defendants to have ordered a transcript of their own to ensure that Piggee was fairly representing the content of that testimony. This objection will be overruled.

Piggee's next objection is to the "charges for extra copies of papers filed with the court." She does not specify what she means by this, and it is not exactly clear. The objection is waived.

Piggee also objects to being charged anything for the copied documents which the defendants served in response to Piggee's requests for production. But these clearly are recoverable

expenses.  28 U.S.C. § 1920(4); <u>Antonson v. United Armored Serv's, Inc.</u>, No. 00-C-4095, 2002 WL 908424 at *2 (N.D. Ill.).

Piggee's remaining objection is to the $.20 per page copying charge that the defendants are assigning to their in-house copying efforts.  Piggee relies on the theory that she should not be charged for in-house copying at a rate higher than a local copying firm would charge for the same work.  The defendants, in turn, point out that their law firm's office is in Chicago, and that Northern District judges have found $.20 to be a reasonable charge. <u>Sembos v. Phillips Components</u>, No. 00-C-4651, 2003 WL 22533579 at *2 (N.D. Ill.); <u>Figueroa v. City of Chicago</u>, No. 97-C-8861, 2000 WL 1036019 at *2 (N.D. Ill.); <u>Kateeb v. Dominick's Finer Foods, Inc.</u>, No. 96-C-1229, 1997 WL 630185 at *1 (N.D. Ill.); <u>Chamberlain Mfg. Corp. v. Maremont Corp.</u>, No. 92-C-0356, 1995 WL 769782 at *4 (N.D. Ill.).  But other cases find that local companies will do the work for $.10 a page.  <u>Tirapelli v. Advanced Equities, Inc.</u>, 222 F. Supp. 2d 1081, 1085 (N.D. Ill. 2002); <u>Antonson v. United Armored Serv's, Inc.</u>, No. 00-C-4095, 2002 WL 908424 at *2 (N.D. Ill.).  The Court will discount the defendants' copying charge to $.15 per page to account for the possibility that their copying could have been done more cheaply by a Chicago-area copying company.

IT IS THEREFORE ORDERED that the plaintiff's objection to the defendants' bill of costs (docket no. 62) is SUSTAINED in part and OVERRULED in part.  The clerk is directed to tax costs against the

plaintiff in the amount of $5,170.90 representing $4,705.90 in deposition costs and $465 in copying costs.

Signed this <u>26th</u> day of August 2005.

>/s/ Joe B. McDade
> JOE BILLY McDADE
> United States District Judge